## Thomas Shirley *v.* Thos. J. Conway et al.

1. Ejectment—Judgment nil dicit when a plea.—It is error to take judgment, *nil dicit* whilst there is the plea of not guilty undisposed of.

2. Same—Judgment when no plea.—If there be no plea, judgment that the plaintiff recover possession of the land shall be rendered.

3. Judgment—Motion or summary application after term of court.—After the expiration of the term, the power of the court to open or set aside a judgment or final decree, on motion or other summary application, has expired. 13 S. & M., 155.

4. Same—Motion to amend by the record—Notice.—Under Rev. Code, 509, art. 186, if there be any papers in the cause by which the amendment may be made, mistakes in judgments or decrees may be rectified, either by the court in term or by the judge in vacation, not as a matter of course on the mistake being brought to the notice of the court or judges, but on condition that the party to be affected has reasonable notice of the application to amend.

Error to the circuit court of Yazoo county. Campbell, J.

This was an action of ejectment in the circuit court of Yazoo county, filed to the November term, 1859, of said

court, by the defendants in error here, against the plaintiffs in error here, to recover the following lands, to-wit: east half of north-west quarter of section 28, township 13, range 1 west, in Yazoo county.

The declaration is in statutory form. The defendant below, by his attorneys, Hamer & Henderson, filed his plea of not guilty, according to the statute in such actions, to said suit.

At the May term, 1868, of the said circuit court, judgment by default was rendered for plaintiffs below, against defendants below, for the following lands, to-wit: east half of north-west quarter of section 28, township 13, range 1 east.

At the November term, 1869, of said circuit court, the court, upon motion of the plaintiffs below, and without any notice to the defendant, amended said judgment and record of said previous term of said court, by striking out the number of the lands inserted in said previous judgment, and inserting therein the following, to-wit: east half of north-west quarter of section 28, township 13, range 1 west.

Assignment of errors:

1st. The plaintiffs below were not entitled to judgment by default, upon the state of the pleadings and record, and the court below erred in granting such judgment over the plea of the defendant below, as shown by the record.

2d. The circuit court erred in allowing the plaintiffs below to amend the judgment and records in this case, at a term of said court, subsequent to the rendition of said judgment, without notice to the defendant below.

*Hamer & Henderson,* for plaintiff in error.

In support of the first error assigned, we cite, 1 S. & M., 515; 3 S. & M., 120; 7 S. & M., 434; Hanna v. Oliver, Opinion Book of this court, No. 11,533 p. 283, October term, 1868.

In support of the second error assigned, we cite 5 How., 173; 3 How., 105; 13 S. & M., 153; 2 S. & M., 326; 3 S. & M., 302; Rev. Code, 509, art. 186.

Simrall. J.:

1st. It has been often affirmed by this court, that it is error to take judgment final by *nil dicit*, whilst there is a plea in the cause, undisposed of, the action of ejectment furnishes no exception to the rule. The third article of the statute regulating that action, prescribes the plea " of not guilty," which was the plea put in by the defendant, and if there be no plea, then judgment that the plaintiff recover possession of the land, shall be rendered.

2d. The several courts have defined terms, and whilst for the most part, the court retains control over all the business pending in it during the term, as to much of it, this control is lost with the adjournment. This is so as to judgments and final decrees. After the expiration of the term, the powers of the court, on motion, or other summary application to open, or set aside the one or the other, has expired. Sagory v. Bayless, 13 S. & M., 155. In the judgment at law the only redress is by writ of error. Decrees in chancery can only be opened up by bill of review, or by appeal or writ of error. This observation however, does not exclude the right to assail the one or the other by original bill, for fraud.

There is a special remedy provided by statute, Rev. Code, 509, art. 186, for the rectification of mistakes in judgments or decrees, if there be any papers in the cause by which the amendment may be made. But the opposite party must have reasonable notice of the application to amend.

The amendment made in this case, was to conform the judgment to the description of the land contained in the declaration such amendment could be made, either by the court, in term, or by the judge in vacation, not, as a matter of course, on the mistake being brought to the notice of the court or judge. But on the condition that the party to be affected thereby, has reasonable notice, such notice was not given, or rather the record is silent on the subject.

Both assignments of error are well taken. Wherefore, the judgment is reversed, and cause remanded for a *venire facias*