## J. P. McKinney et al. vs. A. J. Green.

ATTACHMENT : *Replevin. Judgment against sureties.*

If an attachment is sued out and levied upon property, and the defendant, replevies the property and executes a replevin bond, if the plaintiff in attachment succeeds, judgment must be taken against the defendant in attachment. and his *sureties* on the replevin bond. He cannot take judgment against the principal alone in the replevin bond, and afterwards bring a separate action on the bond against the sureties.

Error to the Circuit Court of *Issaquena* County.
Hon C. C. Shackleford, Judge.

A. J. Green sued out a distress for rent, which was levied on the personal property of A. Conn, who replevied and gave bond, with J. C. Green and J. P. McKinney as sureties, conditioned to pay and satisfy the judgment of the court.  On the trial of that suit the plaintiff in attachment, A. J. Green, obtained a judgment against Conn for rents ($180), but did not take judgment against the sureties on the replevin bond. The judgment was not paid by Conn.

This action in covenant was then instituted by A. J. Green against Conn, the principal, and Green and McKinney as sureties on the bond, to recover the amount for conditions broken.

Defendants below pleaded :

1. The instrument sued on was not their bond.

2. A general denial of indebtedness.

3. A special plea that a writ of error *and supersedeas* had been prosecuted from the said judgment against Conn, which was then pending in the supreme court.  Plaintiff below demurred to the 3d plea ; the demurrer was sustained without leave to plead further.  Defendants insisted on applying the demurrer back to the declaration, which the court refused to do.  The case was tried and resulted in a judgment against defendants for $219.40.  Motion in arrest of judgment was made and overruled, and a writ of error was prosecuted.

It is assigned for error :

1. Sustaining demurrer to the 3d plea.

2. It was error in sustaining the demurrer to not apply it to the declaration.

3. In not permitting defendants to plead further.

4. In overruling the motion in arrest of judgment.

5. In rendering judgment for plaintiff.

*T. A. Marshall* and *Frank Johnston*, for plaintiffs in error :

1. The liabilities of the sureties of the replevin bond could not be enforced, pending the writ of error to the appellate court, in the judgment against Conn, the principal.  The condition of the bond was to pay and satisfy the judgment of the court.  See Gibbs *v.* Bartlett, 2 Watts & Sergt., 33.

2. In sustaining the demurrer the judgment should have been *respondeat ouster*. Code of 1871, § 613. Davis *v*. Singleton, 2 How., 681; Rhodes *v*. McDonald, 24 Miss., 423; 9 S. & M., 463; 40 Miss., 482; 42 ib., 266, 267.

3. The statutory remedy on the bond is exclusive. This kind of bond is unknown to the common law. Black. Com., B. III, 13, 147; Taylor's L. & T., 539, 147, 559; 1 Dall., 349; 14 S. & R., 23.

The matter of the sureties, we submit, is *res adjudicata* by the judgment being taken against the principal obligor. Shattuck *v*. Miller, 50 Miss., 391.

*W. L. Nugent*, for defendant in error:

1. It cannot be seriously contended that the 3d plea was a good one. The mere prosecution and pending of a writ of error does not suspend proceedings under the judgment of the circuit court. The statute is very explicit. Code, 1871, § 411. The plea is fatally defective in not averring facts necessary to constitute a superseding of the judgment of the circuit court.

As to the judgment in replevin, see Code of 1871, § 1630. The right to replevy the goods distrained was a common law right given to the lessee, but the mode of availing of that right is regulated by statute. 2 Burr. 1157; McL. & Y., 450; 1 Barn. & Adolph., 859; 20 Eng. Com. Law, 1 Adol. & El. (N. S.), 667; 41 Eng. Com. Law, 11; 5 Johns., 175; 1 Metc., 553; 8 Leigh, 479; 9 ib., 399; 1 Gratt., 315.

Where a remedy exists at common law, and the statute gives also a remedy, a person entitled to the common law remedy may still enforce it. 2 Wils., 145; 10 Johns., 393; 5 ib., 175. As to the insufficiency of the plea, see 2 Johns. Cases, 312; 4 Douglass, 181; 5 Adol. & El., 239 (31 Eng. Com. Law).

2. The omission to award a judgment of *respondeat ouster* was not error when the defense attempted could be made under the general issue. Hawkins *v*. Miss. C. R. R. Co., 35 Miss., 688.

3. The want of a replication to the plea of *non est factum* is

no grounds for reversal, as the plea was not sworn to.   Code, 1871, §§ 683, 813 ; 4 How., 263 ; 12 S. & M., 124 ; 6 ib. 312 ; 1 ib., 536.

Campbell J., delivered the opinion of the court.

Green attached for rent due him by Conn, who replevied the attached property, with McKinney and Grace as sureties on his replevin bond, according to art. 11, p. 341, Code of 1857. Conn was cast in the suit and adjudged to pay Green $180 and costs, and had not paid the judgment, and Green brought this action against the sureties on Conn's replevin bond, assigning as a breach of its condition that Conn had not performed and satisfied the judgment against him.   Among other pleas, the defendants in this action pleaded in bar that a writ of error to the judgment of Green against Conn was pending and undetermined.   This plea was demurred to and the demurrer was sustained, defendants insisting that the declaration shows no cause of action, and that the demurrer to the plea should be extended to the declaration.

The plea was demurrable, because a writ of error, even when a *supersedeas*, suspends nothing more than execution, and does not affect the judgment as a cause of action or as evidence.   Besides this, the plea does not aver *supersedeas* of the judgment.

The demurrer should have been extended to the declaration. It does not aver that judgment in the replevin was rendered against Conn alone, but such is the conclusion from its expression.   If judgment was rendered in that suit, as it should have been, against the sureties, it is clear that no action could be maintained on their bond thus in judgment.   If no judgment was rendered against them on their bond in that suit, no action on their said bond can be maintained, for the law requires judgment to be entered against principal and sureties in his replevin bond *in that suit*, if the trial results against the principal ; and to permit a party to neglect to take judgment in such case against principal and sureties, and afterwards to

maintain an action against sureties, is to allow to him an option highly prejudicial to the rights of sureties. They are entitled to have the judgment entered against them in the replevin suit, or *not at all*, so as to entitle them to a writ of error to the judgment, and to entitle them to pay the judgment, and have execution for their benefit, as given by statute to sureties, and to shield them from being pursued on the bond in a separate action, as in this case, before judgment upon writ of error to the judgment against the principal alone. To illustrate the impropriety of suit against sureties on a bond in such case, suppose the judgment in the replevin, which was against Conn, the principal, was reversed pending the action on the bond against the sureties, the action would fail upon plea of that fact. Wherefore, we conclude that the successful lessor in a replevin of the goods must obtain judgment against the sureties on the bond which conforms to the statute, or lose his right to resort to the bond. This conclusion does not impose hardship on him who inadvertently fails to get his proper judgment, for he has his remedy by writ of error to correct the judgment. Nor does this view contravene the idea that the lessor could resort to a separate action on a bond given on replevin by a tenant, which did not conform to the statute, so as to entitle the obligee to the statutory judgment on recovery against the tenant, but which is good as a common law obligation.

The judgment is reversed, and judgment here applying the demurrer to the declaration and dismissing the action.