# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## OCTOBER TERM, 1885.

---

### FORBES & BECK *v.* A. NAVRA AND I. HARDY.

<div style="float:right">

| 63 | 1 |
|----|----|
| 71 | 782 |

</div>

1. ATTACHMENT. *Sheriff being plaintiff. Release bond, whether valid.*
   Where a writ of attachment issued by a justice of the peace, returnable to the circuit court, has been executed by a constable and the property seized turned over to the sheriff, the latter, though plaintiff in the suit, may release the attached property to the defendant or a claimant, upon such bond as is prescribed by the statute, and the obligee therein, having received the property thereunder, will be bound to comply with the conditions of his obligation, under § 2305 of the Code of 1880.

2. SAME. *Bond given by defendant. Nature thereof. Case in judgment.*
   In an attachment suit of F. & B. against J. B., the officer having the attached property in custody released the same upon a bond, the body of which was in the following language: "We, J. B., as principal, and I. H., as surety, bind ourselves to pay F. & B. four hundred and ninety-two dollars, unless the said J. B. shall satisfy any judgment which may be recovered against him by the said F. & B. in their attachment suit against the said J. B. for two thousand one hundred and fifty dollars, returnable before the Circuit Court of Warren County, Mississippi, on the first Monday of December, 1881." This is not a bond for the forthcoming of the property, but a bond discharging the attachment as to the property released, under § 2428 of the Code of 1880.

3. SAME. *Judgment. Amendment at subsequent term of court.*
   Upon a verdict in favor of a plaintiff in attachment on the merits of his demand, he is entitled, as a matter of right, to a judgment on a bond given by

63 MISS.—1                                                                 1

the defendant for the discharge of the attached property; and where in such case judgment is entered against the defendant only, and not against the surety on his bond, it may be amended at a subsequent term of the court, so as to include the surety to the extent of his liability, it being presumed that the court directed the proper judgment to be entered, and that the omission indicated was the result of negligence by the clerk in the performance of a mere clerical duty.

4. ATTACHMENT. *Amendment of judgment. Notice. Appearance.*
   But if such amendment be made without notice to the surety, the judgment as to him may be vacated upon his motion, though his appearance to make such motion would then give the court jurisdiction to enter the proper judgment against him.

5. SAME. *Amendment of judgment. Surety on bond.*
   The proper amendment, in such case, would be to give judgment on the bond against the surety therein for the penalty thereof, to be discharged upon payment of the amount of the plaintiff's recovery against the defendant.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

On the 27th of June, 1881, Forbes & Beck sued out before a justice of the peace an attachment against John H. Brereton, returnable to the circuit court. The writ was levied by a constable upon two hundred and eighty-six tiers of cypress timber, valued at three dollars per tier, and was then delivered by him with his return thereon and also the property seized to the sheriff of the county, R. F. Beck, who was one of the plaintiffs in the suit. Afterward, A. Navra, by affidavit, claimed one hundred and eighty-six tiers of the timber, which, on the 29th of June, 1881, Beck, as sheriff, released to him upon his giving a forthcoming bond in double the value of the timber, as fixed by the constable. On the 8th of July, 1881, the sheriff released to the defendant, Brereton, "the balance of said two hundred and sixty-eight tiers of timber," estimated at eighty-two tiers, upon a bond in the following language: "We, John H. Brereton, as principal, and I. Hardy, as surety, bind ourselves to pay Forbes & Beck four hundred and ninety-two dollars, unless the said John H. Brereton shall satisfy any judgment which may be recovered against him by the said Forbes & Beck in their attachment suit against the said

John H. Brereton for two thousand one hundred and fifty dollars, rè-turnable before the Circuit Court of Warren County, Mississippi, on the first Monday of December, 1881. Witness our hands on this the 8th day of July, 1881.

<div align="right">

"JOHN H. BRERETON, [SEAL.]

"I. HARDY." [SEAL.]

</div>

At the March term, 1882, of the court, a judgment sustaining the attachment was rendered by default against the administratrix of the estate of John H. Brereton, he having died.

At the June term, 1882, of the court, upon the trial of the issue as to the plaintiffs' demand, the jury rendered a verdict in the following language: "We, the jury, find the issue joined for the plaintiffs, and assess their damages at two thousand one hundred and fifty dollars." And upon this verdict a judgment was entered against the defendant alone for the amount mentioned in the verdict.

At the December term, 1882, of the court, the plaintiffs made a motion for judgment against the defendant administratrix and I. Hardy for the value of the eighty-two tiers of timber which had been delivered to John H. Brereton, deceased, under the bond given by him and Hardy, and above set forth. The court awarded a writ of inquiry to ascertain the value of the eighty-two tiers of timber. The jury assessed the value of the timber in question at two hundred and forty-six dollars, and at the April term, 1884, the court rendered judgment for that amount against the administratrix and Hardy. On the next day after the rendition of this judgment, Hardy made a motion to vacate the same on the ground that the bond upon which it was based was void because taken by one of the plaintiffs as sheriff. This motion was over-ruled.

At the October term, 1884, Hardy made a motion to vacate the judgment against him, because "rendered on a bond to discharge the attachment under § 2428 of the Code of 1880, while a previous judgment on the merits had been rendered against said administratrix on the 17th of June, 1882." At the January term,

1885, a judgment was rendered sustaining this motion and vacating the judgment against Hardy.

At the June term, 1883, of the court, A. Navra, the claimant, moved the court " to set aside and vacate the sheriff's return herein, together with the bond of the claimant, and that the claimant be allowed to go hence without a day," for the reason that Beck, being one of the plaintiffs, had no legal authority as sheriff " to take the timbers seized under the writ of attachment, or to take the said bond or the affidavit of the claimant." This motion was sustained by the court.

From the judgments sustaining Hardy's motion and that made by Navra, the plaintiffs appealed.

*Catchings & Dabney*, for the appellants.

It is a mistake to assert that Hardy's bond is a *discharge* bond under § 2428 of the code.

1. It is not in a penalty double the amount claimed by the plaintiff.

2. It is not conditioned to pay the amount of the judgment which plaintiff might recover.

3. No judgment could have been entered against Hardy for the amount of plaintiffs' claim.

4. It did not have, and could not have had, the effect of discharging the attachment and releasing all the property levied on.

5. It did not release the property claimed by Navra, and could not have done so.

6. It was not regarded by anybody as a discharge bond, for we find Navra recognizing that the property claimed by him was under attachment, and seeking its release on other grounds; and we find the court entering a judgment sustaining the attachment for want of a plea in abatement.

7. It contained only *one* surety, while a discharge bond must have *two* or more.

The bond is clearly a forthcoming bond. Sections 422 and 2305 of the code make the form of the bond immaterial.

It surely cannot be contended, treating this as a *forthcoming* bond, as it undoubtedly was intended to be, that the omission of the jury

to assess the value of the timber at the same time they found for the plaintiff operated to discharge the surety.

We are not suing upon the bond in a separate proceeding, but merely endeavoring to repair the omission of the jury, who should have assessed the value of the timber when they found for the plaintiff. For authority so to do, see *Merrill* v. *Melchior*, 30 Miss. 516.

The action of the circuit court in quashing the return of the writ and the bond of Navra, claimant, is wholly indefensible.

In *Hart* v. *Forbes & Beck*, 60 Miss. 745, this court expressly ruled that Beck, though interested in the case, could receive an attachment writ from a constable and return it to the circuit court.

That is conclusive of this case, for if he had the lawful right to receive the attachment writ from Little, the constable, he necessarily had the right also to receive with it the property attached.

So, then, he was lawfully in possession of the writ and the property attached when Navra claimed the property.

This being so, he necessarily had the power to take Navra's affidavit and bond, as otherwise the latter would have no means of obtaining possession of the property.

*Miller, Smith & Hirsh,* for Navra, one of the appellees.

It is contended for the appellants that the decision of this court in *Hart* v. *Forbes & Beck*, 60 Miss. 745, is conclusive against the claimant Navra.

We submit that the only relationship between the two cases lies in the fact that the attaching creditors are the same persons ; that in other particulars there is a glaring distinction between them—so wide, in fact, that the decision relied on has no sort of application.

There can be no doubt that any act of an officer, involving the slightest discretion in his own case, is utterly void.

That is the rule of the common law, of which statutes are only directory.

In the case at bar the sheriff not only received a writ from the constable, but the property seized, as well, dictated the amount of the bond, decided upon the solvency of the sureties, took the affi-

davit, and, in short, exercised quasi-judicial functions, all the time concealing the fact that he was one of the plaintiffs.

It does not follow because a sheriff may return a writ in his own case, executed by a constable, that he may assume control of the property seized or that he may take affidavit and bond. What he did independent of the constable was void, as being against the plainest dictates of public policy.

We cite to the court the following authorities to support our position : *Wasson* v. *Connor,* 54 Miss. 351 ; *Dyson* v. *Baker,* 54 Ib. 24 ; Freeman on Judgments (second ed.), § 126, citing *Knott* v. *Jarboe,* 1 Met. Ky. 505.

*Birchett & Gilland,* for Hardy, one of the appellees.

Hardy's bond in this case is not a bond to replevy the property under § 2427 of Code of 1880, but is a discharge bond under § 2428. The condition of the bond is in the exact language of § 2428, and the surety's obligation is measured by the condition of his bond. *Corden* v. *Martin,* 17 Mo. 41 ; *Anderson* v. *Falconer,* 34 Miss. 257 ; *Fenn* v. *Harrington,* 54 Miss. 733.

The mistake of the sheriff in fixing the amount of the penalty cannot have the effect of changing the condition. And neither do §§ 422 and 2305 of the code have the effect of changing the condition of the bond so as to make it another and different bond. These sections cannot alter the intentions of the parties to the bond, as explicitly fixed on its face. In *Clark* v. *Clinton,* 61 Miss. 337, the condition of the bond justified the decision, the condition being applicable to either form of bond. Nor can Hardy be affected by what Navra or appellant's counsel or the court on their *ex-parte* motion may have considered the bond to be.

The objection that the bond contained but one surety while the statute requires two or more is without force, because the law also requires more than one surety on the kind of bond they would now like to have this one changed into. Code, § 2427.

The bond being given and conditioned under § 2428, judgment must have been rendered, if at all, against Hardy and the administratrix jointly on the merits. *McKinney* v. *Green,* 52 Miss. 70, is exactly in point. Appellants failed to do this, but took a judg-

ment on the merits against the administratrix *alone*, as in *McKin-ney* v. *Green, supra,* and at the next term of the court they moved for an inquiry against Hardy, without any notice to him—and this after the whole case had been fully and finally concluded.

And here we must thank appellants' counsel for calling our attention specially to *Merrill* v. *Melchior,* 30 Miss. 516.

Where a forthcoming bond has been given by a defendant in attachment, by § 2455 of Code of 1880, the jury trying the issue on the merits between the parties, if they find for the plaintiff, shall assess the value of the property replevied, as well as the debt or damages due the plaintiff, and judgment shall be entered against the defendant *and his sureties,* etc.; and if judgment by default be entered against defendant, a writ of inquiry shall be awarded to assess the value of the property replevied, and judgment final entered on the execution of the inquiry.

A writ of inquiry never issues except after an interlocutory judgment to ascertain the amount for which judgment final shall be. 1 Tidd's Pr. marg. p. 570 *et seq.*

In this case there was no interlocutory judgment at the time of the trial of the issue, but a *judgment final* was entered, which concluded the whole matter.

COOPER, C. J., delivered the opinion of the court.

The bonds executed by the claimant, Navra, and by the defendant are not invalid by reason of the fact that they were accepted by Beck, the sheriff, who *was a member* of the firm by whom the attachment was sued out. It is true, as has been decided in *Dyson* v. *Baker,* 54 Miss. 351, that a sheriff cannot execute process in his own case, but that was not done in this case. The writ had been properly executed by the constable, and the property attached was in *custodia legis* by virtue of his action with the writ. The defendant and the claimant sought and obtained a surrender of the property, which was then in the hands of the officer who was one of the parties to the suit, and as a condition to obtaining such surrender executed the bonds which appear in the record. These bonds performed the office of transferring the possession of the

property attached from the officer to the claimant and to the defendant, and this being the case, the parties thereto must comply with their conditions. Code of 1880, § 2305.

We are of opinion that the bond executed by the defendant was one to discharge the attachment as to the eighty-two tiers of timber then remaining in the hands of the officer. The condition is appropriate to a bond of that character, and though it might be possible to uphold it as a forthcoming bond for the redelivery of the eighty-two tiers of timber, we are of opinion that it was intended to be executed and received under § 2428 of the code as a discharge *pro tanto* of the attachment releasing the property then in the hands of the sheriff.

In *McKinney* v. *Green*, 52 Miss. 70, it is said by the court that a plaintiff who fails to obtain judgment against both principal and surety, may correct the error by appeal from the judgment entered against the defendant alone, but we do not understand that it was intended to thereby indicate that no other appropriate remedy existed. Upon the verdict of the jury in favor of the plaintiff against the defendant, on the trial of the issue in chief, the plaintiff was entitled, as a matter of right, to a judgment on the bond of the defendant. Under such circumstances, it must be presumed that the court directed the proper judgment to be entered, and that the failure so to do was occasioned by the negligent omission of the clerk in the performance of a mere clerical duty. Freeman on Judgments, § 70, and authorities there cited.

In such cases the judgment may be amended after the lapse of the term at which it was rendered, so as to make it conform to that directed to be entered by the court. *Cotton* v. *McGehee*, 54 Miss. 622; Freeman on Judgments, § 71. But notice should be given to the opposite party of the application. *Cotton* v. *McGehee, supra.*

It does not appear by the record that Hardy, the surety, had notice of the application to take judgment against him on the bond, and for that reason the court properly vacated the one which had been rendered against him, but having appeared and moved to discharge it he again submitted himself to the jurisdiction of the court, and it should have rendered the proper judgment against

him in discharging the one which had been previously taken. And this court, now proceeding to enter such judgment as should have been entered in the court below on the bond of the defendant, directs that a judgment be entered here amending and correcting the original judgment entered in said cause, so that judgment shall go against the bond executed by the defendant and I. Hardy, surety thereon, for the penalty of said bond, to be discharged upon the payment and satisfaction of the judgment in chief.

*The judgment of the court made upon the motion of the claimant, Navra, quashing the return of the sheriff and the bond of the claimant, is reversed and cause remanded for a trial of the claimant's issue.*