70   685
86   522

JOE RUSSELL *v.* J. L. STEVENS, TRUSTEE.

1. TRUST-DEED. *Crops. Description. General terms. Ambiguity.*

A trust-deed conveying "the entire crops of corn, cotton and other agricultural products to be raised and gathered by the grantor, his family or employes under him, during the year 1891, on any lands cultivated or controlled by the grantor in Clay county, Mississippi," is sufficiently definite in the description of the property.

2. MORTGAGE. *Validity. Crops to be grown. Potential existence.*

Crops to be grown by the grantor, or his employes, during the year, on land of which he is in possession, either as owner or by the consent of the owner, preparatory to making a crop, have such a potential existence as to be a valid subject of mortgage.

FROM the circuit court of Clay county.

HON. C. H. CAMPBELL, Judge.

This is an action of replevin begun before a justice of the peace by J. L. Stevens, trustee, in a deed of trust given by appellant, Joe Russell, in March, 1891, to secure a debt due to W. L. Childress. The trust-deed is in the usual form, and conveys " the entire crops of corn and other agricultural products to be raised and gathered by the grantor, his family or employes under him, during the year 1891, on land cultivated or controlled by him in Clay county, Mississippi." Default having been made in payment of the secured debt, the trustee demanded of the grantor possession of certain corn, cotton and other agricultural products, which, being refused, he instituted this action of replevin before a justice of the peace. Judgment was rendered in the justice court for the plaintiff, and the case was appealed to the circuit court.

On the trial there, it was shown that Russell, the grantor, at the time the trust-deed was executed, was in possession of the land on which the crops were grown. He had contracted

to purchase the land from one Robinson, and had executed notes for the purchase-price; but after the trust-deed in question had been executed, Russell executed new notes in place of the originals, one of which stipulated for the delivery of one bale of cotton "in part payment of the land, the same to be considered as rent of the land for the year 1891." This note, though executed after the giving of the deed of trust, was made to antedate it. This was all the evidence that throws any light on the character of Russell's possession of the land.

The defendant objected to the introduction in evidence of the trust-deed, because (1) it did not locate or identify the land upon which the crops were to be raised; (2) because of uncertainty in the description of the property; and (3) because it did not appear that the grantor had any interest in the land upon which the crops were to be grown. The court overruled the objection, and this action on the part of the court presents the only questions passed on in this court. Verdict and judgment for plaintiff, and defendant appeals.

*Beall & Pope*, for appellant.

At common law nothing could be mortgaged that did not at the time belong to the mortgagor. One could not incumber that which he did not have. A different rule prevails in equity. 1 Jones on Mortgages, § 149. The trust-deed recites that it conveys the crops to be raised and gathered. It does not specify the lands upon which they are to be raised, but says "on any lands cultivated or controlled by the grantor in Clay county." See *Miss. Valley Co.* v. *Railroad Co.*, 58 Miss., 846, citing *Wilson* v. *Boyce*, 92 U. S., 320. While such a trust-deed might be good in equity between the parties, it cannot avail in a court of law. Certainly a grant of all crops to be raised on any land cultivated or controlled by the grantor is as indefinite as a conveyance of "all the estate I may hereafter acquire," and such a conveyance, it is well settled, is void. It does not appear that the grantor owned

any land, or had any interest in any land. The crops, therefore, had no potential existence.

*Fox & Roane,* for appellee.

1. At the time the trust-deed was executed, Russell was in possession of the land as purchaser. The subsequent change in the contract, by which he became the tenant, cannot affect the rights of appellee under the trust-deed.

2. The description of the property in the trust-deed is free from ambiguity. It could not possibly be more explicit or unequivocable.

CAMPBELL, C. J., delivered the opinion of the court.

The deed of trust was not a nullity, and was properly admitted in evidence. It is sufficiently definite in description of the property, and the evidence shows that the grantor had such relation to certain land on which he raised crops in Clay county in the year 1891 (being on them and cultivating either as owner or by consent of the owner), as to authorize a mortgage of the crops, which, in these circumstances, had such potential existence as to make them a legitimate subject of sale or mortgage by the common law. Possession of land, and preparation for making a crop on it, make the crop to be grown as much a subject for sale or mortgage as the next cast of a fisherman's net or the wool to grow on the sheep of the party.

*Affirmed.*