W. E. SPEARS *v.* C. L. ROBINSON.

1. DESCRIPTION. *Sufficiency. Uncertainty in exception.*

A trust-deed, mentioning the land and conveying the grantor's "crop of cotton, except four bales, which is reserved and agreed upon," is not void as to the cotton. If there is uncertainty, it is as to the four bales excepted. *McAllister* v. *Honea, ante*, 256.

2. REPLEVIN. *Suit by trustee. Property delivered to beneficiary.*

In replevin by a trustee for possession of property conveyed in a trust-deed, it is error to instruct that if the property was, before suit, delivered to the beneficiary, the action in the name of the trustee cannot be maintained.

3. ATTACHMENT FOR RENT. *Contract of sale. Agreement to pay rent. Evidence.*

In replevin for property seized under attachment for rent, it is admissible to show, on behalf of the person attaching, that originally there was a contract for the sale of the premises, but that before other rights accrued this was modified by an agreement that the vendee, in default of paying the purchase-money, should pay rent.

4. SAME. *Replevin. Burden of proof. Code 1892, § 2531, declaratory.*

In replevin by a third person for property seized under attachment for rent, the burden is on plaintiff to show that he is entitled to the property. Section 2531, code 1892, is merely declaratory of the previously existing rule.

5. PROCESS. *Persons specially deputized. Irregularity. Estoppel. Code 1880, § 2200.*

Although § 2200, code 1880, requires one specially deputized to execute process, forthwith to deliver the same, together with the property seized thereunder, to the sheriff or constable, a claimant who gives bond to

Statement of the case.

and obtains from such person property levied upon by him, is estopped
to take advantage of the irregularity in dealing with the process.  *State*
v. *Depeder*, 65 Miss., 26.

FROM the circuit court of Lafayette county.

HON. EUGENE JOHNSON, Judge.

On December 22, 1890, appellee, Robinson, sued out an
attachment against J. T. and William Reeves, alleging that
they were indebted to him, as landlord, one thousand pounds
of lint cotton, valued at ninety dollars, for rent in arrear on
certain land in Lafayette county for the year 1890, and forty-
five dollars for supplies furnished them by him as landlord.
The attachment was levied on two bales of cotton, fifteen
hundred pounds of seed cotton and a lot of corn as the prop-
erty of J. T. Reeves.  Appellant, W. E. Spears, made affidavit
and claimed the property, as trustee, in deeds of trust exe-
cuted by said J. T. and William Reeves to P. W. Spears.
The justice of the peace issuing the attachment specially
deputized one Williams to levy the same, and he made the
levy and released the property on bond under the claim of
Spears, without making return of the papers or the property
to the sheriff or other officer, as required by § 2200, code 1880.
In the court below the contention on behalf of the defend-
ant, Robinson, was that, in 1889, he made a verbal agreement
to sell the land to said J. T. and William Reeves, but after-
wards made a contract with them by which he was to receive
six bales of cotton per year as rent, taking their notes for the
same, at the same time delivering to them a written agree-
ment to take the six bales of cotton as payment for the rent.
Four bales of cotton had been delivered to him before his
attachment was sued out.  Plaintiff, Spears, offered in evi-
dence a trust-deed, executed to him as trustee by J. T. Reeves
April 25, 1890.  The deed was in the usual form, and, after
describing certain property and referring to the plantation
cultivated by him, used the following language: "Also the
crop of cotton, except four bales, which is reserved and agreed
upon, corn and produce which he may raise during the

present year on said plantation or elsewhere." In connection with the deed, plaintiff offered to prove what cotton was reserved, but this testimony was excluded, as was the trust-deed, upon the ground that the description was void.

On behalf of plaintiff, the court refused instructions announcing that the law required one who is especially deputized to make a levy immediately after the execution of the writ, to deliver the same, together with the property, to the constable of the district or to the sheriff of the county, and, if such was not done in this case, there was no valid levy on the cotton; that Williams, being specially deputized, had no right to accept or approve the bond for the forthcoming of the property.

The second and fourth instructions given on behalf of defendant, referred to in the opinion, are as follows: "(2) The court charges the jury that, if they believe from the evidence that the two bales of cotton and the fifteen hundred pounds seed cotton were raised by Tom Reeves, and if the jury further believe from the evidence that the two bales of cotton and fifteen hundred pounds seed cotton levied on were delivered to P. W. Spears by Tom Reeves on a debt due to him, then the court instructs the jury that this suit in the name of W. E. Spears for said two bales of cotton and fifteen hundred pounds of seed cotton cannot be maintained, and as to such two bales of cotton and fifteen hundred pounds of seed cotton, they must find for the defendant, C. L. Robinson, regardless of whether any rent was due to him or not." "(4) The court charges the jury that the burden of proof in this case is upon the plaintiff, W. E. Spears; he must show by the proof that he, and not some one else, at the time this suit was instituted, was entitled to recover the property in question."

Verdict and judgment for defendant. Motion for new trial overruled. Plaintiff appeals, and assigns for error the following: (1) The court erred in excluding the trust-deed executed by J. T. Reeves to plaintiff as trustee for R. W.

Spears. (2) The court erred in allowing the defendant to prove a verbal contract for the sale of the land in the alternative. (3) The court erred in allowing proof of a verbal contract in this case after it was shown that the contract was in writing.

The opinion contains such further statement as is necessary to an understanding of the questions decided.

*J. W. T. Falkner,* for appellant.

1. It was competent to show that the cotton in controversy was grown by the grantor during the year 1890, and therefore embraced in the trust-deed. *Wasson* v. *Connor,* 54 Miss., 351.

Further, as to the sufficiency of the description, see *McGuire* v. *Stevens,* 42 Miss., 724; *Brown* v. *Guice,* 46 *Ib.,* 299; *Foute* v. *Fairman,* 48 *Ib.,* 536; *Moore* v. *Lord,* 50 *Ib.,* 229; *Pegram* v. *Newman,* 54 *Ib.,* 612; *Hunt* v. *Shackleford,* 56 *Ib.,* 397; *Draper* v. *Perkins,* 57 *Ib.,* 277; *Lochte* v. *Austin,* 69 *Ib.,* 271.

2. This action was begun under the code of 1880. Plaintiff had the right to show title in himself or in a third party. The rule governing the trial of a claimant's issue is applicable. *Lavigne* v. *Russ,* 36 Miss., 326.

Under the code of 1880, the burden of proof was on the landlord to prove the rent due, and that the property was subject to his attachment. This was not changed until the adoption of the code of 1892. See § 2531.

3. The defendant was permitted to prove, over the objection of plaintiff, a verbal contract for the sale of the land, and, in default of certain payments, then a verbal rent contract, and this, too, after it had been shown that the parties had put their engagements in writing. The truth is, the defendant had only a claim against the tenants for use and occupation.

4. The person deputized to execute the process, did not deal with it as the law directs. Code 1892, § 2404. Plaint-

iff's third and fourth instructions as to this should have been given.

5. Defendant's second instruction was erroneous, in that it told the jury that, if the property in controversy had been delivered to P. W. Spears by the tenants, then the suit could not be maintained in the name of W. E. Spears, ignoring the fact that the delivery was for the trustee, who had the legal title.

6. The fourth instruction is not a correct statement of the law. This instruction states that the burden of proof is on plaintiff to show ownership whether there is rent due or not. Under code 1892, for the first time in this state, is the burden of proof put upon the claimant. This case is governed by the former law. There is no proof in the record to sustain the contract alleged in the attachment for rent. If the amount was due from the tenant, it was either under a void contract for sale, which would only authorize a suit for use and occupation, or a rent note dated April 25, 1890, and it was not admissible in evidence, because not referred to in the affidavit. *Pate* v. *Shannon,* 69 Miss., 372.

7. The sole issue was whether the parties were the tenants of the defendant for the year 1890, and all evidence about the sale was inadmissible. *Hawkins* v. *James,* 69 Miss., 274.

8. The fact that the note recites that it was for rent, does not make it a rent note. *Paxton* v. *Kennedy,* 70 Miss., 865.

The court erred in refusing to grant a new trial, and the judgment should be reversed.

*R. F. Kimmons,* on the same side.

The verdict is contrary to the evidence, and should have been set aside. There was no rent contract, and the attachment for rent was wrongfully sued out. When Robinson accepted the six bales of cotton as a payment on the land, the contract could no longer be considered one for rent. The fact that he calls it a contract for rent does not make it such.

Williams, who was specially deputized, did not deal with the writ or the property as the law required. There was no valid levy, and the court had no jurisdiction. *Tucker* v. *Byars*, 46 Miss., 549; *Barnett* v. *Ring*, 55 *Ib.*, 97.

The court erred in admitting parol testimony in regard to the contract between the tenants and Robinson, when it was shown that the contract was in writing.

The rent note was inadmissible, because no rent was described therein, nor was there any time fixed for payment, and it was void for uncertainty in the description of the property.

The court erred in excluding the trust-deed offered by plaintiff. The description of the cotton conveyed in this deed is good. Any description is certain which can be made so; an instrument is to be construed in such way as to uphold it, if possible. *Draper* v. *Perkins*, 57 Miss., 277. Plaintiff should have been permitted to prove what cotton had been reserved.

The court erred in modifying plaintiff's instructions, and by holding that plaintiff must show title in himself or else he could not recover. The jury was in fact told that, no matter whether Robinson had any claim for rent or not, he was entitled to hold the property.

The code of 1880 should have governed in the trial of this case. Section 2531, code 1892, has no application; but, if it had, it does not change the rule that the landlord, as against the claimant, must prove the rent due or else cannot recover. *Lavigne* v. *Russ*, 36 Miss., 326; *Maxey* v. *White*, 53 *Ib.*, 80.

Where the landlord shows rent due, the claimant may prove title to the property seized, and thus defeat the distress. Possession is *prima facie* evidence of ownership. Hence, the claimant may prove possession of the property, and rest his case.

The possession of the beneficiary was possession of the trustee. *Draper* v. *Perkins*, 57 Miss., 277. But the court below refused an instruction asked by plaintiff in support of

this proposition. It is evident that the jury was not properly instructed, and did not understand the issue submitted.

*W. S. Chapman,* for appellee.

1. The court properly excluded the trust-deed from evidence. No one could tell what cotton was covered by the instrument, or what was reserved. The case of *Draper* v. *Perkins,* 57 Miss., 277, relied on by opposite counsel, has been overruled. *Redfield* v. *Montgomery, ante,* 113.

2. The second assignment of error is without merit. It was not to show the valid contract that the evidence as to a sale was offered, but that such a contract was made between Robinson and the tenants, and that in case of failure to comply with it the tenants were to pay six bales of cotton as rent. The rent note was introduced, and there was no error as to this.

3. The third assignment of error is without merit. The court only permitted the defendant to show that the rent was for the land he sold Reeves. This did not vary or contradict the terms of the contract, but simply explained, and made apparent its subject-matter.

4. The possession of the cotton by the beneficiary is not the possession of the trustee. The cotton was delivered to P. W. Spears as a payment.

5. The fact that Williams should not have taken the replevin bond, did not make the levy invalid. Therefore it was proper to refuse plaintiff's second and third instructions. Code 1880, § 2200. No harm resulted to plaintiff. He recognized the authority of Williams by giving the bond and receiving the property. He cannot now be heard to take advantage of any irregularity as to this.

The questions of fact were submitted to the jury, and all conflicts were settled by the verdict, and it should not be disturbed.

WOODS, J., delivered the opinion of the court.

The deed of trust was not void for uncertainty in the de-

scription of the property conveyed, and should not have been excluded from the jury. There is no uncertainty in the description of the property conveyed; the uncertainty, if there be any (as to which we express no opinion), is as to the portion of the cotton sought to be excepted from the conveyance of the "entire crop" of the grantor. *McAllister* v. *Honea, ante,* 256.

The contract in the alternative, for sale or rent, was, it is true, a verbal one; but this suit originated in the attachment for rent, which was only an effort to enforce appellee's rights, according to his theory, under the verbal contract of rent, and there was no error in allowing evidence to show fully what the real agreement between appellee and the Reeveses was. The subsequent writings said by the appellee to have been executed by them, were, on the part of the Reeveses, an agreement to pay rent, and, on appellee's part, a modification of the original contract, by which Robinson stipulated to receive six instead of eight bales as first installment of the purchase-price under the sale contract, in consideration of the Reeveses paying interest on the value of the two bales which they might not be able to deliver in pursuance of the contract to buy. The second and third assignments of error are, therefore, not well taken.

The second instruction of defendant was erroneous, and we are at a loss to conjecture on what ground it was thought proper. The counsel for defendant below make no comment on this point, and thus seem to decline to support this ruling of the court below.

The fourth charge given for defendant was not error. Section 2531, code of 1892, introduces no new rule as to the burden of proof in the cases therein spoken of. The section is merely declaratory of what was already the law in this state.

The second and third instructions asked by plaintiff below were properly refused. Though the specially deputized constable's dealing with the attached property was irregular,

and though the bond which he took from the claimant was also irregular, yet this irregular bond has had the effect in the proceedings which a bond properly given would have had, and it must be held binding on the parties executing it. It would be a scandalous reproach upon the administration of justice if the appellant could execute an irregular bond, under which he had the property delivered to him, and, after obtaining possession of it by virtue of such bond, convert it to his own use, and then be heard to assert successfully that he was not to be held liable on his bond because of some irregularity in it. *Forbes* v. *Navra,* 63 Miss., 1; *State* v. *Depeder,* 65 *Ib.,* 26.

*Reversed and remanded.*