## ADOLPH WETLIN ET AL. *v.* B. MOUNT.

A deed of trust conveying all the agricultural products cultivated and gathered by the grantor, or which may accrue to him from rents, wages and shares of the crop of a specified year then current. on lands leased from a person named, is not void for uncertainty of description because it fails to designate the state or county in which the leased lands are situated.

FROM the chancery court of Wilkinson county.

HON. CLAUDE PINTARD, Chancellor.

This was a proceeding by bill in equity, on the part of appellant, for the foreclosure of a deed of trust given by one Maxwell, to secure a promissory note in favor of J. H. Jones, of which appellant was assignee, and to compel the appellee, Mount, to surrender for sale by a commissioner, certain cotton that he had purchased from Maxwell, alleged to have been subject to the deed of trust. The incumbered property is described in the deed of trust executed by Maxwell, exhibited with the bill, as follows: "All the corn, cotton, peas, potatoes and fodder cultivated and gathered by me, or which may accrue to me from rents, wages or working on shares of the crop of 1894, on lands leased from M. A. Jones." The trust deed was dated February 16, 1894, and filed for record and recorded the same day, but the appellee is not alleged to have had actual notice thereof as a lien upon the cotton in controversy.

The defendant, Mount, demurred to the bill for want of equity on the face thereof, and because the deed of trust was void, in that it failed to show the territory, state or county, in which the cotton mentioned therein was to be cultivated and gathered. From a decree sustaining the demurrer and dismissing the bill, complainant prosecuted this appeal.

*A. G. Shannon*, for the appellant.

1. The description employed in the deed covered all possible crops of cotton that might be raised· by Maxwell in the year 1894, no matter in what county or state, and the deed, if there recorded, would be good and operate as notice to all subsequent purchasers or incumbrancers.   In this instance we have the description rendered more certain by the addition of the words '' on lands leased from M. A. Jones.''   The description is sufficiently definite.   15 Am. & Eng. Enc. L., p. 747, note. If there be any ambiguity, it is a latent one, and parol· evidence is admissible for the purpose of identifying the leased lands. *Foute* v. *Fairman*, 48 Miss., 550.

2. It is immaterial whether Maxwell had already leased the land from M. A. Jones or not, when he executed the trust deed. That instrument would be good in equity as a mortgage, even if he had not.   *Cayce* v. *Stovall*, 50 Miss., 396; *Sillers* v. *Lester*, 48 Miss., 513.

3. If the cotton was not raised on the leased land, or no land was leased by Maxwell, defendant should show it by answer.   The bill alleges that the cotton was subject to the deed of trust, and the demurrer will be taken as admitting the allegation.

*D. C. Bramlette.*and *Nugent & McWillie*, for the appellee.

1. The record of a mortgage of chattels, in order to operate as notice to subsequent purchasers, must contain such a description of the things included in the mortgage as to enable one examining the records to identify the property.   Wade on Notice, § 177; Jones on Chattel Mortgages, §§ 55, 56; *Kelly* v. *Reid*, 57 Miss., 89; *Allen* v. *Dicken*, 63 *Ib.*, 91.   In this case the property is not identified as that on which the mortgagor was living, as in *Hunt* v. *Shackleford*, 56 Miss., 397; nor does it locate the land by county, as in *Russell* v. *Stevens*, 70 Miss., 685.   The description is of '' lands leased from M. A. Jones.''   The deed does not say by whom leased, though

the expression may inferentially be taken as referring to a lease of the grantor. It is not entirely clear, from the language used, whether the land was then leased or was to be leased from M. A. Jones, and there is nothing by which the land is located save a lease, verbal or written, present or prospective, from the party named. M. A. Jones may have had tracts widely scattered of which Maxwell was lessee—some in the State of Mississippi and county of Wilkinson, and others in neither that county or state. Certainly the deed can relate to any land in any county of this or any other state—in fact, to any portion of the habitable globe.

2. The language of the deed, when viewed with reference to its date and prospective character, is by no means definite as to whether the land was such as had been or would be leased from M. A. Jones, and the bill having failed to aver an existing lease, we must construe it most strongly against the pleader, and treat the case as one where there was not an existing but a contemplated lease, and therefore an absence of such potential being in the crops to be grown, as, in the absence of statutory authority, rendered them incapable of becoming the subject of a mortgage. *Stadeker* v. *Loeb*, 67 Miss., 200.

3. It might also be noted that the bill does not aver that the cotton in question was "cultivated and gathered" on any lands leased by Maxwell from M. A. Jones in 1894. It states that it was subject to the trust deed, but that is a mere conclusion; and where it states that it was "raised on lands of M. A. Jones," it does not state that it was raised on them in 1894, nor on lands leased by M. A. Jones to Maxwell, or anyone else. In view of what the bill states and does not state, the appellee must be taken to have purchased for value, without other notice than such as the records imparted.

WOODS, J., delivered the opinion of the court.

The deed in trust is not void for insufficiency of description of the land on which the crops were to be grown. The descrip-

tion refers to the land by a general designation applicable to no other lands in Wilkinson county, and there should be no difficulty in applying the general designation to the subject-matter, viz.: The crops raised in 1894 on the lands leased by Maxwell from M. A. Jones. As the description covers all lands so leased, and as there can be no other lands in Wilkinson county to which the description can apply, there is no uncertainty of description.

*Reversed, demurrer overruled, cause remanded and thirty days given to answer after mandate filed in court below.*