MERCHANTS' & FARMERS BANK *v*. BYRD.

(Division B.    Oct. 15, 1923.)

[97 South. 550.    No. 23483.]

EVIDENCE. *Evidence that property described in deed of trust was owned by grantors and identical with property seized under attachment admissible.*

The description of property in a deed of trust as "1 Jensen pasteurizer, 1 Disbrown churn, 1 DeLavel emulsifier, 1 starter can, 1 ice cream freezer, 1 Manning can dryer, 1 upright boiler, 1 six horse power steam engine, 1 gasoline engine, 1 packing box for ice cream, 1 cork insulated cold room and equipment, 1 ice machine, together with pumps, boilers, etc., 1 Burroughs adding machine, 1 Remington typewriter, 1 mimeograph, 2 rotary pumps, all located in the town of Newton, and being the only property of like kind owned by grantors," means such as is owned at the date of the deed of trust, and evidence is admissible to show what property was then owned, and that it is the same property seized.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Action in attachment by J. R. Byrd, Trustee, against George M. Long, and the Merchants' & Farmers' Bank filed a claimant's issue. From a judgment for plaintiff, defendant appeals. Affirmed.

*B. M. Walker, Jr.,* for appellant.

The question before the court is whether or not the description of the personal property purported to be con-

veyed by the trust deed of J. R. Byrd, trustee, is sufficient to identify the property and hold said property as against an attaching creditor under an attachment dated subsequent to the record of said trust deed. A chattel mortgage must contain such terms of description as will serve to distinguish the property embraced therein from all other property of the same kind. *Allen* v. *Dicken,* 63 Miss. 91.

There is nothing in the description of the personal property, that is the machinery, etc., to show the size and capacity of the different machines. To enumerate some articles, there is one Disbrow Churn, nothing to show whether it is a two-gallon or a five-gallon churn, or what capacity this churn may have. So, also with the DeLaval Emulsifer, one starter can, one ice cream freezer, etc. In some instances the particular make of the machine is given in the description and others this is not given, for instance one upright boiler listed. There is nothing to denote the horse power which this boiler will develop. So, also one six H. P. Steam engine is listed. There is nothing to show what kind of an engine this is. So, also one gasoline engine, one ice machine with boiler, pumps, etc.

There is nothing to show what county said personal property is located in, nor what building or exact location of the property. Some of the real estate described in the trust deed is in Hinds county, and some in Newton county, Mississippi, but there is nothing in said trust deed to show in what county said personal property is situated.

The trust deed is so indefinite and uncertain of description that its author realizing its uncertainty made an effort to cure it by tacking on to it, "and being the only property of like kind owned by grantors."

Unfortunately for the author of the trust deed, however, there are several grantors in said trust deed, said grantors being the Farmers Progressive Creamery, by George M. Long, George M. Long and Mrs. Eula Long.

There is nothing in said trust deed to show the nature of the ownership of said property, that is whether they owned it as tenants in common or how they owned it. Nor is there anything in said trust deed to show that some of said grantors, to-wit: George M. Long, might not have owned other similar property. *Nicholson* v. *Karpe,* 58 Miss. 34.

Nor does the author of the trust deed bring himself within the rule of the dictum of *Kelly* v. *Reid,* 57 Miss. 89-92, for that case refers to one grantor and in this case there are three grantors. The mortgage must mention some fact or circumstance connected with the property which will serve to distinguish it from all other property of the same kind. This fact or circumstance must be stated in the mortgage itself, it cannot be proved by parol evidence without thereby adding to the mortgage a term not contained in it. *Kelly* v. *Reid,* 57 Miss. 89-91.

*Byrd & Byrd,* for appellee.

A perusal of the authorities cited by the appellant will convince the court, taken in connection with the description of the property in the trust deed here in question, beyond a doubt that the description is good and will stand against subsequent liens.

The property here is described by make in a number of instances, and is finally described as being located in Newton, Mississippi, and being the only property of like kind owned by grantors. We submit that this is a sufficient identification without any evidence *aliunde,* but in addition to this, to explain and show the truth of this statement, which evidence has been repeatedly held by this court to be admissible, evidence was adduced showing that as a matter of fact this property was the only property of like kind owned by grantors.

As to the argument that there is nothing to show that George M. Long, for instance, did not own other property, we respectfully submit that appellant's own brief

contradicts this argument, and the record shows that the trust deeds says that this is the only property of like kind owned by grantors, and George M. Long was one of the grantors.

Another serious, and we think fatal, defect in the appellant's suit in the lower court was its failure to show as is required under the law, not only that he had a judgment, but also to show that the property levied on was subject to the attachment. This he utterly failed to do. The claimant is not called upon to do anything until it is shown that the property levied upon was subject to the attachment. He offered no proof whatever as to this, merely introduced the judgment on the attachment issue and the judgment on the debt issue and rested. The two judgments were already a part of the record and as this court has repeatedly held, it was unnecessary to introduce either. Having failed to make out his case in this respect that alone entitled the appellee to the peremptory instruction.

*B. M. Walker, Jr.,* for appellant, in reply.

The evidence adduced in the case showed that the property involved in this litigation was the property of George M. Long. Appellee's trust deed described the property as "the only property of like kind owned by grantors." The property owned by George M. Long is not the same property" owned by grantors" and is hence not the property described in the trust deed.

As to the other proposition in the brief of appellee, what better evidence could there be that the property is subject to the attachment than the judgment of the court condemning said property to be sold. It is hard to understand how appellee could raise the question that the property was levied on, when by his claimant's affidavit he admits that the property is in the hands of W. C. Mabry, sheriff of Newton county, Mississippi, under writ of attachment in said cause.

Argued orally by *B. W. Walker, Jr.,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

The appellant sued out an attachment against George
M. Long, doing business under the firm name of Farmers'
Progressive Creamery in the town of Newton, Miss., and
levied upon certain real estate and personal property under
a writ of attachment. The appellee filed a claimant's is-
sue. The appellee filed a claim to the property levied upon
by virtue of a deed of trust given by George M. Long to
the appellee's trustee to secure a certain indebtedness to
the Newton Bank of Newton, Miss. The claimant's affi-
davit was answered by the appellant, wherein its is averred
that the appellee had no title to the property because the
description was void. The description contained in the
deed of trust as to the personal property which is here
in controversy is as follows:

"One Jensen pasteurizer, one Disbrown churn, one De-
Lavel emulsifier, one starter can, one ice cream freezer,
one Manning can dryer, one upright boiler, one six horse
power steam engine, one gasoline engine, one packing box
for ice cream, one cork insulated cold room and equip-
ment, one ice machine, together with pumps, boilers, etc.,
one Burroughs adding machine, one Remington typewrit-
er, one mimeograph, two rotary pumps, all located in the
town of Newton, and being the only property of like
kind owned by grantors."

The circuit court held this description sufficient, and
authorized the admission of testimony to identify the prop-
erty whch the claimant introduced, the witness for the
claimant testifying as to the identity of the property in-
volved, where located, etc. The court granted a peremp-
tory instruction to the plaintiff, and judgment was en-
tered upon the verdict for the claimant from which judg-
ment this appeal is prosecuted.

It is insisted by the appellant that the description con-
tained in the deed of trust above set out is void, and that
parol evidence is not admissible to aid the description.
It is insisted that the deed of trust was signed by George

M. Long and Mrs. Eula Long, and the Farmers' Progressive Creamery, and that there is uncertainty both as to the property and as to the owner of the property. The Progressive Creamery is not a party, but is a mere trade-name representing George M. Long, or rather the trade-name under which Long did business. The proof shows that the property was the property of Geo. M. Long, and that his wife, Eula Long, signed the deed of trust with him. The closing clause of the descriptive paragraph of the deed of trust "and being the only property of like kind owned by the grantors," furnishes the certainty to the description. The rule is that that is certain which is capable of being made certain, and where the deed on its face carries a clause of this kind showing that the deed passes all of the property that the grantor then owns, it is sufficiently certain to sustain the validity of the deed of trust, and either parol or written evidence may be offered to show what property the vendor owned at the time of the execution of the deed of trust.

In *Harmon* v. *James*, 7 Smedes & M. 111, 45 Am. Dec. 296, the deed conveyed all the vendor's lots in a certain town without particularly describing the lots. The court held that proof could be offered to show what property the grantor really owned, and the lot involved in that making of the deed of trust, was capable of identification, and the validity of the description was sustained.

In *Russell* v. *Stevens*, 70 Miss. 685, 12 So. 830, a deed of trust describes the property as—"the entire crops of corn, cotton and other agricultural products to be raised and gathered by the grantor, his family or employees under him, during the year 1891, on any lands cultivated or controlled by the grantor in Clay county, Mississippi."

And this description was held sufficiently definite. and the validity of the deed of trust was upheld. See also, *Wasson* v. *Connor*, 54 Miss. 351, where the description "his entire crop of cotton, etc., grown by him during the present year," was upheld.

In *Spears* v. *Robinson*, 71 Miss. 774, 15 So. 111, the

deed of trust described the land and conveyed to the grantors "crop of cotton, except four bales, which is reserved and agreed upon," was held not void as to the cotton. If there was uncertainty it was in the exception and not in the description of the property. See, also, *McAllister* v. *Honea,* 71 Miss. 256, 14 So. 264; *Wetlin* v. *Mount,* 73 Miss. 526, 19 So. 201.

The judgment of the court below is affirmed.

*Affirmed.*