Countiss *et al. v.* Lee.

(Division A. Jan. 5, 1931.)

[131 So. 643. No. 29069.]

**Stone & Stone**, of Coffeeville, for appellants.

**E. L. Lamar** and **W. J. Evans**, both of Calhoun City, for appellee.

**McGowen, J.,** delivered the opinion of the court.

Lee sued the Tedfords in a justice of the peace court and recovered judgment there, from which the Tedfords appealed to the circuit court with Beckett and Countiss, sureties on their bond. In the circuit court there was entered what appeared to be an agreed judgment by which the Tedfords and the sureties on their appeal bond were taxed with the costs of the court, which judgment was rendered at the regular March, 1929, term of the court.

After this court had adjourned, and a year later, at the March, 1930, term of the court, a term having intervened, Lee filed his motion in the circuit court praying the court to amend the judgment so that a judgment for one hundred twenty dollars and costs be rendered against the Tedfords. Attention was called to an entry on the judge's docket, which read "Agreed Judgment one hundred twenty dollars." There was no process or notice served on the parties against whom the judgment was entered amending the judgment rendered at a former term. The judgment was amended in a material respect, and an appeal from that judgment is prosecuted here.

After the term of court has expired at which a judgment is rendered, the court is without power to amend that judgment, except upon notice to the parties adversely affected thereby. Section 772, Hemingway's Code 1927, section 1016, Code 1906, requires that notice shall be served on the opposite party in the effort to amend a judgment. If it be said that this section does

not apply, but that the court has inherent power to amend its judgment to conform to the facts, yet it is the general rule that notice shall be given the opposite party of a motion to amend the judgment. See Forbes v. Navra, 63 Miss. 1; Cotten v. McGehee, 54 Miss. 621; Shirley v. Conway, 44 Miss. 434; 34 C. J., page 246, section 472.

Reversed and remanded.