. BUTLER MERCANTILE Co. *v.* CRUISE *et al.*

(Division B. Feb. 24, 1936. Suggestion of Error Overruled, April 6, 1936.)

[166 So. 325. No. 32099.]

Butler & Snow, of Jackson, and C. T. Gordon, of Liberty, for appellant.

J. Gordon Roach, Junior O'Mara and Williams & Hunt, all of McComb, for appellees.

Argued orally by **George Butler**, for appellant.

**Anderson, J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Pike county adjudging that the mortgage given by appellee, C. L. Cruise, to the Hyman Mercantile Company, on crops produced by him and his tenants during the year 1931, for advances made to him by the mercantile company during that year, was superior to a mortgage executed by him in the early part of 1930 in favor of appellant on the same crops but for advances made to produce the crops of the previous year.

The cause originated in a replevin suit in a justice of the peace court. Six bales of lint cotton were involved. Its course from there to the chancery court is very unusual. It was transferred by the justice of the peace to the county court and tried, and appealed to the circuit court where a new trial was ordered and by agreement of the parties the cause was transferred to the chancery court. There it was proceeded with, of course, as a cause in equity. There is no controversy about the facts; therefore, only questions of law are involved.

Cruise was unable to make a crop on his lands for the year 1930 without financial help, for which he applied to appellant. Appellant agreed to help him, and on the fifteenth of February of that year Cruise executed a mortgage on all crops to be grown by himself and his tenants on his lands, and any other that he might control during the years 1930 and 1931, to secure advances by appellant as needed in 1930, including an indebtedness of $54.50 then already incurred. The indebtedness was due August 1, 1930. Appellant accordingly made advances. Out of the crops Cruise lacked about $200 of paying appellant all he was due him.

On or about the beginning of the year 1931, Cruise

found as he had the year before, that he could not make a crop for that year without help. He applied again to appellant for advances to enable him to make a crop; appellant denied his request on the ground that it was going out of business. Thereupon Cruise made application for the necessary advances to the Hyman Mercantile Company, which company agreed to grant his request. He executed a mortgage on April 18, 1931, in favor of that company to secure all the advances made and to be made to him by the company during the years 1931 to 1934, inclusive, and the mortgage covered all crops produced by him and his tenants, or crops owned or controlled by him during those years. The mortgage recited that the advances for each year were to be due on October 1st of that year. Of his 1931 crop, six bales of cotton were stored with the Champion Compress Company, for which Cruise received negotiable warehouse receipts.

The Hyman Mercantile Company had assigned to the First National Bank of McComb the indebtedness due it by Cruise for that year, and the latter had turned over to the bank the negotiable warehouse receipts for the six bales of cotton. The First National Bank, the trustee in the Hyman Mercantile Company's deed of trust, and the Champion Compress Company were all made defendants to the bill, but the interested parties are appellant and the bank. The six bales of cotton so delivered to the bank discharged Cruise's indebtedness to the Hyman Mercantile Company for the year 1931, and the deed of trust securing the same was duly canceled.

Under the facts, therefore, appellant is claiming a lien under its mortgage on the crops of 1931 for advances to make the crop of 1930, which advances were due on the first of August, 1930, while the bank is claiming a lien under the Hyman Mercantile Company's mortgage for advances made during the year 1931 on crops produced during that year. An important fact to be borne in mind

in considering the question involved is that Cruise, in order to produce the crop of 1931, was forced to mortgage it to the Hyman Mercantile Company because appellant refused to make the necessary advances to him for that purpose. And an important principle of law to be kept in mind is that a mortgage on a thing that has neither actual nor potential existence is void; it is nothing. In Russell v. Stevens, 70 Miss. 685, 12 So. 830, 831, the court held that "possession of land, and preparation for making a crop on it, make the crop to be grown as much a subject for sale or mortgage as the next cast of a fisherman's net, or the wool to be grown on the sheep of the party." The mortgage under consideration in that case, however, was on the crops to be grown for a certain year on lands controlled by the mortgagor to secure advances for that year. In Liberty Mercantile Company v. Allen, 134 Miss. 354, 98 So. 774, the court held that a mortgage to secure advances to make the crop of 1918 made after the maturity thereof and not mentioned in the mortgage, or any indebtedness assumed or paid by the mortgagee, only secured the indebtedness of the mortgagor incurred during the year of the execution of the mortgage. In Shaw v. Kinney, 227 Ala. 170, 149 So. 227, the Supreme Court of Alabama held that a mortgagor is without power to mortgage crops except crops grown on land owned or in which the mortgagor has a present interest during the year or years in which the mortgage debt matures. In that case the court stated the well-established principle, and cited authorities to support it, that at common law a mortgage executed on an unplanted crop to be grown on land in which the mortgagor had a present interest at the time it was executed vested in the mortgagee only an equitable title to the crops subsequently planted and matured by the mortgagor.

In the early part of 1930, when appellant took its mortgage on the crops of both the years 1930 and 1931

to secure advances made in 1930 and maturing in that year, the mortgagor had the land on which the crops were to be produced, but that is all; he had planted no crops, nor done the necessary things in order to plant. Under Russell v. Stevens, supra, and other decisions of this court, the mortgage was valid on the crops of that year for the advances with which to make the same, but so far as the crops of 1931 are concerned, at most appellant had only an equitable mortgage enforceable as between it and the mortgagor. On the other hand, Hyman Mercantile Company had a valid mortgage on the crops produced in 1931 for advances made by it during that year, and in addition it occupied a highly equitable position, because the evidence shows without dispute that Cruise could not have produced the crop of 1931 without the help of Hyman Mercantile Company. Which must prevail, that equity in connection with the mortgage of the Hyman Mercantile Company or the mortgage in favor of appellant? We hold that a valid mortgage can be given only on the crops of one year to secure advances made that year to produce such crops; that if it covers the crops of a future year or years for an indebtedness created in the year the mortgage was given, at most it is only an equitable mortgage good between the parties and must stand aside as against a mortgage given under the facts and circumstances of the Hyman Mercantile Company's mortgage. We are therefore of the opinion that the chancellor committed no error in rendering the decree for the bank.

Appellant contends that the evidence failed to show any indebtedness of Cruise to the Hyman Mercantile Company incurred to make the crop of 1931. There was no such issue made by the pleadings. The Hyman Mercantile Company's deed of trust was introduced in evidence, and it was shown that it took the entire six bales of cotton to pay the indebtedness incurred under it. Appellant's contention is without merit.

There is a question of costs in the case. We leave that like we found it. The chancery court has such large powers under the statute for apportioning costs that we decline to disturb its action, unless it is manifestly unjust and unfair. We cannot say that with reference to the costs here involved.

Affirmed.